Purdue, &c., v. The Mayor, &c.

house; they had the permit when their check was returned, and they sent it to, and tendered it at, the defendants' office at twenty-five minutes before three o'clock P. M.

The defendants had left no instructions with the clerk, and it was very evident that they were not prepared to pay, as their object was to get the permit, that they might raise, by means of it, the money by which to fulfill the contract.

In the view I have taken of this case, it is wholly immaterial whether the judge was right or not in telling the jury that as the defendants were dealers in iron, and knew that this was a bonded warehouse, they should be presumed to know that there was a charge for storage, and that if they wished to avail themselves of the objection that there was no receipt showing the payment of it, they should have called the plaintiffs attention to the omission, and refused to accept until the charge for storage was paid, and in other respects, the charge, in the view I have taken, was unobjectionable.

The judgment should be affirmed.*

HILTON, J., concurred.

BRADY, J., dissented.

THOMAS PURDUE *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

The plaintiff paid an assessment imposed on his property, which, by mistake of the Collector of assessments, was credited to other property not owned by him; *Held* that plaintiff could not recover back the money as being paid by mistake.

---

* The judgment in this case was affirmed by the Court of Appeals.

The plaintiff having paid his assessment, the same is satisfied, no matter what entry may be made on the defendant's books; and the plaintiff has his remedy to enjoin the defendants from selling the property for non-payment of the assessment, or he may compel the defendants to remove it as an incumbrance or lien.

APPEAL by the defendants from a judgment of the Marine Court at General Term, entered on a demurrer to the complaint.

The action was brought to recover a sum of money paid to the Collector of Assessments under a mistake of facts caused by the negligence of said officer.

The plaintiff called at the office of the Collector of Assessments to pay an assessment which was due from him to the defendant on a house and lot in the Nineteenth Ward known as No. 60. He inquired the amount of the assessment, received the necessary information, and paid the amount. The Collector credited the amount, not to plaintiff's lot No. 60, but to lot No. 50, and the plaintiff sued to recover the amount paid.

The defendants demurred to the complaint. Judgment was given for the plaintiff on the demurrer. The defendants then appealed to this court.

*Henry H. Anderson* for appellants.

*Lewis Johnston* for respondent.

By the Court.—BRADY. J.—The judgment in this case must be reversed. The plaintiff has mistaken his remedy. The facts stated in the complaint do not show the payment of money not due from the plaintiff to the defendants, but on the contrary, the payment of an assessment imposed upon the plaintiff's property, which, by mistake, was credited to other property not owned by him.

The case is not one to recover money paid by mistake, but to recover back money rightfully paid as lawfully due, because the creditor gave the benefit of the payment to another. Assuming the facts stated in the complaint to be true, there can be no doubt but the assessment imposed on the plaintiff's lot is paid, no matter what entry be made on the books of the defendant, and they could be enjoined from selling such lot for non-payment of the assessment or be compelled, on a proper

Treadwell v. The Mayor, &c.

application, to remove it as an encumbrance or lien. In *Allen v. The Mayor*, 4 E. D. Smith, 404, the money was paid by a person against whom the defendants had no claim, and upon whose property no assessment had been imposed, although paid under the supposition that his property had been in fact assessed. That case is, therefore, essentially different from the one in hand, which I think cannot be sustained on principle or authority.

The judgment must be reversed.

Judge HILTON concurred.

---

DAVID TREADWELL *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

A. and B., separate contractors, contracted with the Ward School officers in the city of New York, with the consent and approval of the Board of Education, to build a brick school house; A. to do the carpenter's work and B. the mason's work. By the unskillful manner in which the mason's work was done, the wall fell in before the building was completed, injuring A.'s' work and subjecting him to loss and damage. In an action brought by A. against the city corporation to recover for the negligence of B.

*Held*, 1. That although the defendants were the owners of the school house, they did not employ, nor had they a right, under the school laws, to employ, B., and they were not, therefore, responsible for his negligence.

2. The principle of *respondeat superior* is not applicable in such a case.

An employer is not liable to one of his agents or servants for the negligence of another of his agents or servants, unless he was at fault in the selection of the agent or in some other respect.

In the prosecution of a general enterprise, the employer does not warrant to each person who engages in the enterprise the competency of every agent employed, and cannot be made responsible, unless it is shown that he was guilty of a want of care in the selection of the person through whose negligence the injury occurred; though it is otherwise upon grounds of public policy where the relation of master and servant or of principal and agent does not exist.